**Connell Foley LLP**
One Newark Center
1085 Raymond Boulevard, Nineteenth Floor
Newark, New Jersey 07102
(973) 436-5800
Attorneys for Plaintiff, Ramada Worldwide Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HIGHEND HOTEL GROUP OF AMERICA, LLC, a Wyoming Limited Liability Company; TARANDEEP KAUR, an individual; and RAVINDER SINGH, an individual,<br><br>Defendants. | Civil Action No. 20-<br><br>**COMPLAINT** |

Plaintiff Ramada Worldwide Inc., by its attorneys, Connell Foley LLP, complaining of defendants, Highend Hotel Group of America, LLC, Tarandeep Kaur, and Ravinder Singh ("Defendants"), says:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ramada Worldwide Inc. ("RWI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey.

2. Defendant Highend Hotel Group of America, LLC ("Highend"), on information and belief, is a limited liability company organized and existing under the laws of the State of

RWI 18133

Wyoming, with its principal place of business at 20 SE Wyoming Blvd, Casper, Wyoming 82609.

3. Defendant Tarandeep Kaur ("Kaur"), on information and belief, is a member of Highend and a citizen of the State of Wyoming, residing at 20 SE Wyoming Blvd, Casper, Wyoming 82609.

4. Defendant Ravinder Singh ("Singh"), on information and belief, is a member of Highend and a citizen of the State of California, residing at 1239 Como Dr, Manteca, California 95377.

5. Upon information and belief, Kaur and Singh are the only constituent members of Highend.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and both defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has personal jurisdiction over Highend by virtue of, among other things, section 17.6.3 of the March 21, 2019 franchise agreement by and between Highend and RWI (the "Franchise Agreement"), described in more detail below, pursuant to which Highend has consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."

8. This Court has personal jurisdiction over Kaur and Singh by virtue of, among other things, the terms of a guaranty (the "Guaranty"), described in more detail below, pursuant to which Kaur and Singh acknowledged that they were personally bound by section 17 of the Franchise Agreement.

9. Venue is proper in this District pursuant to section 17.6.3 of the Franchise Agreement, inasmuch as that provision contains an express waiver by Highend of any objection to venue in this District.

### ALLEGATIONS COMMON TO ALL COUNTS

#### The Agreements Between The Parties

10. On or about March 21, 2019, RWI entered into the Franchise Agreement with Highend for the operation of a 200-room Ramada® guest lodging facility located at 300 West F Street, Casper, Wyoming 82601, designated as Site No. 18133-14878-07 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit A.

11. Pursuant to section 5 of the Franchise Agreement, Highend was obligated to operate a Ramada® guest lodging facility for a fifteen-year term.

12. Pursuant to section 7, section 18.1, and Schedule C of the Franchise Agreement, Highend was required to make certain periodic payments to RWI for royalties, system assessment fees, taxes, interest, and other fees (collectively, "Recurring Fees").

13. Pursuant to section 7.3 of the Franchise Agreement, Highend agreed that interest is payable "on any past due amount payable to [RWI] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

14. Pursuant to section 3.6 of the Franchise Agreement, Highend was required to disclose to RWI, among other things, the amount of gross room revenue earned by Highend at the Facility for purposes of establishing the amount of royalties and other Recurring Fees due to RWI.

15. Pursuant to section 3.6 of the Franchise Agreement, Highend agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.6 and 4.8 of the Franchise Agreement, Highend agreed to allow RWI to examine, audit, and make copies of the entries in these books, records, and accounts.

16. Pursuant to section 11.2 of the Franchise Agreement, RWI could terminate the Franchise Agreement, with notice to Highend, if Highend (a) discontinued operating the Facility as a Ramada® guest lodging establishment; and/or (b) lost possession or the right to possession of the Facility.

17. Pursuant to section 12.1 of the Franchise Agreement, Highend agreed that, in the event of a termination of the Franchise Agreement pursuant to section 11.2, it would pay liquidated damages to RWI in accordance with a formula specified in the Franchise Agreement.

18. Pursuant to section 17.4 of the Franchise Agreement, Highend agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement."

19. Effective as of the date of the Franchise Agreement, Kaur and Singh provided RWI with a Guaranty of Highend's obligations under the Franchise Agreement. A true copy of the Guaranty is attached hereto as Exhibit B.

20. Pursuant to the terms of the Guaranty, Kaur and Singh agreed, among other things, that upon a default under the Franchise Agreement, they would "immediately make each payment and perform or cause [Highend] to perform, each unpaid or unperformed obligation of [Highend] under the [Franchise] Agreement."

21. Pursuant to the terms of the Guaranty, Kaur and Singh agreed to pay the costs, including reasonable attorneys' fees, incurred by RWI in enforcing its rights or remedies under the Guaranty or the Franchise Agreement.

### The Termination of the Franchise Agreement

22. On or about February 18, 2020, Highend unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Ramada® guest lodging facility.

23. By letter dated March 17, 2020, a true copy of which is attached as Exhibit C, RWI acknowledged Highend's unilateral termination of the Franchise Agreement, effective February 18, 2020, and advised Highend that it was required to pay to RWI as liquidated damages for premature termination the sum of $400,000.00 as required under the Franchise Agreement, and all outstanding Recurring Fees through the date of termination.

### FIRST COUNT

24. RWI repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 23 of the Complaint.

25. Pursuant to sections 3.6 and 4.8 of the Franchise Agreement, Highend agreed to allow RWI to examine, audit, and make copies of Highend's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.

26. The calculation of the monetary amounts sought by RWI in this action is based on the gross room revenue information supplied to RWI by Highend and, to the extent there has been non-reporting, RWI's estimate as to the gross room revenue earned by Highend.

27. The accuracy of this estimate cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements, and books from Highend.

**WHEREFORE**, RWI demands judgment ordering that Highend account to RWI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception through the date of termination of the Franchise Agreement.

## SECOND COUNT

28. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 27 of the Complaint.

29. On or about February 18, 2020, Highend unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Ramada® guest lodging facility. By letter dated March 17, 2020, RWI acknowledged Highend's unilateral termination of the Franchise Agreement, effective February 18, 2020.

30. Section 12.1 of the Franchise Agreement provides that, in the event of termination of the Franchise Agreement due to action of Highend, Highend shall pay liquidated damages to RWI within 30 days of termination.

31. As a result of the termination of the Franchise Agreement, Highend is obligated to pay RWI liquidated damages in the amount of $400,000.00, as calculated pursuant to section 12.1 of the Franchise Agreement.

32. Notwithstanding RWI's demand for payment, Highend has failed to pay RWI the liquidated damages as required in section 12.1 of the Franchise Agreement.

33. RWI has been damaged by Highend's failure to pay liquidated damages.

**WHEREFORE**, RWI demands judgment against Highend for liquidated damages in the amount of $400,000.00, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

34. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 33 of the Complaint.

35. By virtue of the premature termination of the Franchise Agreement, RWI sustained a loss of future revenue over the remainder of the fifteen-year term of the Franchise Agreement.

36. If the Court determines that Highend is not liable to pay RWI liquidated damages as required by section 12.1 of the Franchise Agreement then, in the alternative, Highend is liable to RWI for actual damages for the premature termination of the Franchise Agreement.

37. RWI has been damaged by Highend's breach of its obligation to operate a Ramada® guest lodging facility for the remaining term of the Franchise Agreement.

**WHEREFORE**, RWI demands judgment against Highend for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

38. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Complaint.

39. Pursuant to section 7, section 18.1, and Schedule C of the Franchise Agreement, Highend was obligated to remit Recurring Fees to RWI.

40. Despite its obligation to do so, Highend failed to remit certain of the Recurring Fees due and owing under the Franchise Agreement, in the current amount of $105,538.54.

41. Highend's failure to remit the agreed Recurring Fees constitutes a breach of the Franchise Agreement and has damaged RWI.

**WHEREFORE**, RWI demands judgment against Highend for the Recurring Fees due and owing under the Franchise Agreement, in the current amount of $105,538.54, together with interest, attorneys' fees, and costs of suit.

## FIFTH COUNT

42. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 41 of the Complaint.

43. At the time of the termination of the Franchise Agreement, Highend was obligated to pay RWI Recurring Fees.

44. Despite its obligation to do so, Highend failed to pay certain of the Recurring Fees due and owing under the Franchise Agreement, in the current amount of $105,538.54.

45. Highend's failure to compensate RWI constitutes unjust enrichment and has damaged RWI.

**WHEREFORE**, RWI demands judgment against Highend for the Recurring Fees due and owing under the Franchise Agreement, in the current amount of $105,538.54, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

46. RWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 45 of the Complaint.

47. Pursuant to the terms of the Guaranty, Kaur and Singh agreed, among other things, that upon a default under the Franchise Agreement, they would immediately make each payment and perform each obligation required of Highend under the Franchise Agreement.

48. Despite their obligation to do so, Kaur and Singh have failed to make any payments or perform or cause Highend to perform each obligation required under the Franchise Agreement.

49. Pursuant to the Guaranty, Kaur and Singh are liable to RWI for Highend's liquidated damages in the amount of $400,000.00, or actual damages in an amount to be determined at trial, and Highend's Recurring Fees due and owing under the Franchise Agreement, in the current amount of $105,538.54.

**WHEREFORE**, RWI demands judgment against Kaur and Singh for all liquidated damages, or actual damages, and Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

**Connell Foley LLP**
Attorneys for Plaintiff,
Ramada Worldwide Inc.

By: _____
**Bryan P. Couch**

Dated: 10/6/20

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**Connell Foley LLP**
Attorneys for Plaintiff,
Ramada Worldwide Inc.

By: _____
**Bryan P. Couch**

Dated: 10/6/20