UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HIGHEND HOTEL GROUP OF AMERICA, LLC, a Wyoming Limited Liability Company; TARANDEEP KAUR, an individual; and RAVINDER SINGH, an individual<br><br>Defendants. | Civil Action No. 20-14020 (JXN) (JRA)<br><br>**MEMORANDUM OPINION AND ORDER** |

**NEALS**, District Judge

This matter comes before the Court on Plaintiff Ramada Worldwide Inc.'s ("Plaintiff") unopposed motion for default judgment against Defendant Ravinder Singh ("Singh") pursuant to the Federal Rule of Civil Procedure 55 (ECF No. 91) (the "Default Motion"). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, the Motion for Default (ECF No. 91) is **GRANTED** against Singh as to Count Six only.

I.   BACKGROUND

On March 21, 2019, Plaintiff entered into a franchise agreement with Highend Hotel Group of America, LLC (the "Highend Hotel") to operate a 200-room Ramada® guest lodging facility located at 300 West F Street, Capser, Wyoming 82601, designated as Site No. 18133-14878-07 (the "Facility"), for a fifteen-year term (Compl. (ECF No. 1) ¶¶ 10-11; Ex. A to the Compl. (ECF No. 1-1) (the "Franchise Agreement")). On the same day, Plaintiff and the constituent members

1

of Highend Hotel—Tarandeep Kaur (Kaur) and Singh—executed a Guaranty Agreement (the "Guaranty Agreement") that provides Plaintiff a "guaranty that [Highend Hotel's] obligations under the [Franchise] Agreement . . . will be punctually paid and performed[.]" (Compl. ¶¶ 5, 19; Ex. B to the Compl. (ECF No. 1-1)). Under the Guaranty Agreement, Singh and Kaura agreed to "immediately make each payment and perform or cause [Highend Hotel] to perform, each unpaid or unperformed obligation of [Highend Hotel] under the [Franchise] Agreement" upon default (Compl. ¶ 18; Ex. B). Thus, the Guaranty Agreement requires that Singh ensure that Highend Hotel fully complies with the terms of the Franchise Agreement.

Pursuant to Sections 7 and 18.1, as well as Schedule C, Highend Hotel agreed to pay Plaintiff royalties, system assessments, taxes, interest, and other fees (collectively, the "Recurring Fees) (Compl. ¶ 12; Franchise Agreement). Under Section 7.3, Highend Hotel agreed that interest "on any past due amount payable to" Plaintiff is "at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." (Compl. ¶ 13; Ex. A). Section 11.2 also provides in part that should Highend Hotel "discountinue[] operating the Facility, Plaintiff could terminate the Franchise Agreement (Compl. ¶ 16). Were that to occur, Highend Hotel would pay liquidated damages to Plaintiff in accordance with the formula specified in the Franchise Agreement (Compl. ¶ 17; Franchise Agreement).

On or about February 18, 2020, Highend Hotel unilaterally terminated the Franchise Agreement by ceasing operation of the Facility (Compl. ¶ 22). On March 17, 2022, Plaintiff acknowledged Highend Hotel's termination of the Franchise Agreement and advised Highend Hotel that it was now required to pay Plaintiff liquidated damages in the amount of $400,000.00, as well as all outstanding Recurring Fees through the date of termination (Compl. ¶ 23; Ex. C to the Compl. (ECF No. 1-1), Suzanne Fenimore's Mar. 17, 2020, letter to Tambra Bauer and copying

Singh (the "Acknowledgement of Termination")).

On October 7, 2020, Plaintiff filed the six-count Complaint against Highend Hotel, Kaur, and Singh (collectively, the "Defendants"), seeking an Order that directed: (i) Highend Hotel to account for all revenue derived from the Facility (Count One); (ii) Highend Hotel to pay $400,000.00 in liquidated damages (Count Two); (iii) Highend Hotel to pay actual damages if liquidated damages are not awarded (Count Three); (iv) Highend Hotel to pay $105,538.54 in Recurring Fees (Count Four); (v) Highend Hotel to pay damages for unjust enrichment if Recurring Fees are not awarded (Count Five); and (vi) Singh and Kaur to pay liquidated or actual damages and Recurring Fees for Highend Hotel's breach, which Singh and Kaur are allegedly liable for under the Guaranty Agreement (Count Six) (Compl. ¶ 24-49).

On October 23, 2020, Singh was served with the "Summons and a copy of the Complaint . . . ." (Bryan P. Couch, Esq.'s June 9, 2023, Certification (ECF No. 91-2) (the "Couch Cert."), ¶ 5). On December 18, 2020, the Clerk of Court entered default judgment against Highend Hotel and Singh, which was subsequently vacated per the parties' consent order (ECF Nos. 17-18). On April 2, 2021, Defendants filed an Answer to the Complaint. (Couch Cert., ¶ 6). On February 25, 2022, Plaintiff filed a motion to strike Defendants' Answer and enter default ((the "Motion to Strike"); Couch Cert., ¶ 7). On March 13, 2023, the Court adopted the Honorable Jose R. Almonte, U.S.M.J.'s Report and Recommendation that recommended that the Court grant the Motion to Strike (Couch Cert., ¶¶ 8-10; *see also* (ECF Nos. 69, 82)).

On March 24, 2023, Plaintiff requested that the Clerk of Court enter default against Singh only (the "Entry of Default"), which was entered on the same date (Couch Cert., ¶ 11; *see also* (ECF No. 83)). On March 27, 2023, Plaintiff served Singh a copy of the Entry of Default (Ex. A to Cough Cert., ¶ 12, Pl.'s March 27, 2023, letter (ECF 91-2)). On June 9, 2023, Plaintiff filed the

Default Motion against Singh only.

Singh "is not an infant or otherwise incompetent" and is not currently in military service (Ex. B to Couch Cert., ¶ 14, Singh's June 9, 2023, Defense Manpower Center report). Singh has not filed a responsive pleading other than Defendants' Answer, which was stricken. Further, Singh has not requested an extension of time to respond. This matter is now ripe for a decision.

## II.   LEGAL STANDARD

Granting default judgment is at the discretion of the district court. *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citation omitted). In determining whether to "impos[e] the extreme sanction of default," the court determines "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). If default is warranted, the court then considers whether the moving party is entitled to damages, if any. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.   DISCUSSION

### A.   Default Judgment is Granted Because Singh Did Not Answer the Complaint and Plaintiff Pled a Plausible Claim of Breach of Contract

The Court finds that all factors weigh in favor of granting default judgment. First, Plaintiff has been prejudiced because Singh failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*, No. 8-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [Singh]."). Second, the facts alleged provide no indication that Singh has a meritorious defense. *See GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) ("Defendant's failure to answer makes it

4

practically impossible for the Court to determine whether the defendant has a meritorious defense.") (citation and internal quotations, brackets and ellipses omitted).  Third, Singh is presumptively culpable as he failed to respond to the Complaint. *See Slover v. Live Universe, Inc.*, No. 8-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is [] presumed culpable where it has failed to answer, move, or otherwise respond.") (citation omitted).  Because the Court finds all the requisite elements have been met, it now considers whether Plaintiff pled a plausible cause of action against Singh.  *Chanel, Inc.*, 558 F.Supp.2d at 537 (citation omitted).

In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but . . . need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F.App'x. 189, 190 (3d Cir. 2017).  Under Count Six of the Complaint, Plaintiff alleges that Singh breached the Guaranty Agreement because "agreed [therein] . . . that upon a default under the Franchise Agreement," he "would immediately make [] payment and perform [] [the] obligation required of Highend [Hotel] under the Franchise Agreement." (Compl. ¶ 47).  To that end, Plaintiff alleges that: (1) Highend Hotel entered into the Franchise Agreement with Plaintiff to operate the Facility; (2) Highend Hotel breached the Franchise Agreement by ceasing to operate the Facility; and (3) Plaintiff suffered damages due to Highend Hotel's breach.  (*See* Compl. ¶¶ 10-14, 16-23, 47-49; *see also* Kendra Mallet's June 9, 2023, Affidavit (ECF No. 91-3) (the "Mallet Affidavit") ¶¶ 5-14).  Based on the allegations in the Complaint, which the Court takes as true, the Court is satisfied that Plaintiff sufficiently alleges that Highend Hotel breached the Franchise Agreement and that Plaintiff was damaged as a result.  The Court now considers whether Singh in turn presumptively breached the Guaranty Agreement by failing to pay damages or to cause Highend Hotel to so pay or perform under the Franchise Agreement.

"Because a guaranty is a contract, courts look to rules governing contract construction for interpreting a guaranty's terms." *Travelodge Hotels, Inc. v. Huber Hotels, LLC*, 2022 WL 44634, *6 (D.N.J. Jan. 5, 2022) (citation omitted). "Under New Jersey law, if the terms of a contract are clear and unambiguous, courts enforce those terms as written." *Travelodge Hotels, Inc..* 2022 WL 44634, at *6 (citations omitted). "An ambiguity in a contract exists if the terms of the contract are susceptible to at least two reasonable alternative interpretations." *Id.* at *6 (citation omitted). (citation omitted). "Whether the terms of a contract are clear and unambiguous is a question of law . . . ." *Id.* at *6 (citation omitted).

Here, the Court finds that the terms of the Guaranty Agreement are unambiguous and, therefore, will be enforced. The Guaranty Agreement provides that "[u]pon default by" Highend Hotel, Singh was to "immediately make [] payment and perform or cause [Highend Hotel] to perform, each unpaid or unperformed obligation of [Highend Hotel] under the [Franchise] Agreement[,]" which includes paying Playing liquidated damages in the amount of $400,000.00, as well as Recurring Fees through the date of termination of the Franchise Agreement. (Compl. ¶ 23; Guaranty Agreement). Based on the allegations in the Complaint, Singh has failed to fulfill these obligations and, thus, breached the Guaranty Agreement causing Plaintiff to suffer damages.

### B.     Plaintiff is Entitled to Liquidated Damages, Interest, and Reccurring Fees

As an initial matter, the Court notes that the Guaranty Agreement provides that Singh is to pay to Plaintiff "or cause [Highend Hotel] to perform, each unpaid or unperformed obligation of [Highend Hotel] under the" Franchise Agreement (Guaranty Agreement). As such, the Court makes no specific finding as to which action Singh must take, i.e., pay damages himself or cause Highend Hotel to perform or pay damages to Plaintiff. Thus, the findings made herein are limited to what, if any, liabilities are imposed on Singh due to Highend Hotel's breach of the Franchise

Agreement.

Having determined that Plaintiff is entitled to default judgment against Singh, the Court now considers whether Plaintiff is entitled to damages. In considering a motion for default, the Court does not assume the truth of the facts alleged. *Comdyne I, Inc.*, 908 F.2d at 1149 (citation omitted). Here, Plaintiff seeks a sum of $788,183.95 due to Highend Hotel's breach of the Franchise Agreement, which is an amount "inclusive of outstanding Recurring Fees, liquidated damages, [] interest" and $400,000.00 in liquidated damages due to Highend Hotel's breach of the Franchise Agreement (Mallet Aff. ¶¶ 27-28). Specifically: (i) $151,274.69 in Recurring Fees, inclusive of interest; (ii) $236,909.26 in interest; and (iii) $400,000.00 in liquidated damages (Mallet Aff. ¶¶ 18, 27). The Court finds that Plaintiff is entitled to the liquidated damages, Recurring Fees, and the interest noted in Plaintiff's Itemized Statement of Amount Due to Ramada Worldwide, Inc. (ECF No. 91-3) ("Plaintiff's Statement of Amount Due").

"Under New Jersey law, liquidated damages clauses may [] be enforced if they reasonably forecast the harm resulting from breach." *Knights Franchise Sys., Inc. v. First Value RC, LLC,* 13-4976, 2017 WL 1170849, at *3 (D.N.J. Mar. 29, 2017) (citation omitted). "Whether a liquidated damages clause is enforceable is a question of law for the court to decide." *Ramada Worldwide, Inc. v. Columbia SC Hosp., LLC,* No. 17-13020, 2018 WL 3105421, at *5 (D.N.J. June 25, 2018) (citation omitted). Here, the Court finds that Plaintiff is entitled to liquidated damages.

According to the Mallet Affidavit, which was prepared by Plaintiff's Senior Director of Domestic Contracts Administration, Section 12.1 of the Franchise Agreement set the liquidated damages for the Facility at "$2,000.00 for each guest room that Highend [Hotel] was authorized to operate at the time of termination." (Mallet Aff. ¶¶ 23-24; *see also* Franchise Agreement, Schedule B; Acknowledgement of Termination). As a result, Plaintiff seeks $400,000.00 in

7

liquidated damages or "$2,000 guest rooms multiplied by [the] 200" guest rooms the Highend Hotel "was authorized to operate . . . at the Facility." (Mallet Aff. ¶ 25). The Court has carefully reviewed Plaintiff's submissions as to the damages requested and finds that Plaintiff details and reasonably represents the total amount owed by Highend Hotel. The Court further finds that Singh is liable to Plaintiff for such amount under the Guaranty Agreement because Highend Hotel ceased operating the Facility—a breach of the Franchise Agreement. The Court also finds that in failing to respond to the Complaint, Singh has not provided a basis as to why liquidated damages should not be granted. Thus, Plaintiff is herein awarded $400,000.00 in liquidated damages.

The Court next finds that Plaintiff is entitled to interest on those liquidated damages, which was calculated at the agreed upon rate of interest of 1.5% per month (*see* Franchise Agreement, ¶ 7.3), in the total amount of $236,909.26, which covers the period "from March 19, 2020 (30 days from the date of termination) to July 3, 2023 (the anticipated return date of this Motion)" and "which amounts to 1,201 days." (Mallet Aff. ¶ 27). In awarding Plaintiff interest in the amount of $236,909.26, the Court finds persuasive the Mallet Affidavit, which provides that the total interest amount owed was calculated "by multiplying $400,000.00 by 18% per year, which equals $72,000.00 in interest per year[,]" and "divided [that number] by 365 days to equal $197.26 in interest per day" and, after "the per diem interest of $197.26 is multiplied by 1,201 days, the interest owed equals $236,909.26." (*Ibid.*). Thus, Plaintiff is awarded $236,909.26 in interest on the $400,000.00 in liquidated damages awarded. Additionally, the Court finds that Plaintiff is entitled to $151,274.69 in Recurring Fees. (*See* Mallet Aff. ¶ 18, Ex. D (ECF No. 91-3) (the "Itemized Statement"); *see also* Franchise Agreement ¶¶ 7, 18).

Finally, the Court finds that because Plaintiff seeks an unspecified amount in attorney fees and costs (*see* Mallet Aff. ¶¶ 11, 14), however, it has not demonstrated its entitlement to such

8

monies. While Section 17.4 provides that "[t]he non-prevailing party will pay all costs and expenses including reasonable attorneys fees, incurred by the prevailing party to enforce" the Franchise Agreement "or collect amounts owed under" the Franchise Agreement (*see* Franchise Agreement ¶ 17.4), Plaintiff fails to include the attorney fees and costs sought in the Itemized Statement. Plaintiff's Statement of Amount Due also does not provide a sum certain allegedly owed for attorney fees and costs. Moreover, the Mallet Affidavit does not include attorney fees and costs in its requested total damages sought (Mallet Aff. ¶ 28). Therefore, the Court denies Plaintiff's request for attorney fees and related costs.

## IV.   CONCLUSION

For the reasons set forth above herein, Plaintiff Ramada Worldwide Inc.'s Motion for Default Judgment (ECF No. 91) is **GRANTED** against Singh as to Count Six only; and judgment is entered against Singh in the amount of $788,183.95. Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiff Ramada Worldwide Inc. The Court does not award attorney fees or costs.

DATED: 10/10/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge